**UNITED STATES of America ex rel. James W. ROGERS, Petitioner-Appellant,**

v.

**Hon. J. Edwin LaVALLEE, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent-Appellee.**

**No. 803, Docket 72–1174.**

United States Court of Appeals, Second Circuit.

Argued May 25, 1972.

Decided July 5, 1972.

Henry J. Formon, Jr., New York City, for petitioner-appellant.

Mortimer Sattler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Iris A. Steel, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LEVENTHAL,[*] FEINBERG and TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

James W. Rogers is presently incarcerated in the Clinton Correctional Facility, Dannemora, New York, where he is serving a 20 year to life sentence imposed after his conviction in May 1970 in New York State Supreme Court, Kings County, for kidnapping in the first degree. In July 1971, Rogers filed a petition for writ of habeas corpus in the United States District Court for the Northern District of New York, claiming that his conviction violated his rights under the double jeopardy clause of the sixth amendment. Judge Edmund Port in a Memorandum decision

[*] Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

and order dated August 31, 1971 denied the petition without a hearing on the ground that it failed to allege facts supporting petitioner's constitutional claim. On February 29, 1972, this court granted petitioner's motion for a certificate of probable cause, leave to appeal in forma pauperis and assignment of counsel. Thereafter, under our system of supervising each state prisoner habeas appeal, as well as each direct criminal appeal, we fixed a briefing schedule, and heard argument on May 25, 1972. For reasons set forth below, we remand to the district court to dismiss the petition for exhaustion of state remedies.

## I

To understand appellant's constitutional claims the events leading up to his conviction must be briefly recounted. As indicated below, much of what apparently transpired in the state courts was never made clear to the district judge. In 1969, a Kings County grand jury returned a four-count indictment against appellant in connection with the abduction and death of an 18 month-old child. Appellant was charged with (1) felony murder first degree, (2) murder, (3) kidnapping first degree (abduction plus restraint for more than 12 hours with intent to inflict physical injury and to violate and abuse sexually), and (4) kidnapping first degree (abduction plus death of the victim during abduction). Before the case went to the jury, the trial judge also instructed the jurors that as to counts 3 and 4 they could consider whether appellant was guilty of kidnapping in the second degree (simple abduction) if they found him innocent of first degree kidnapping as charged in those counts.

After twice returning to the court for clarification of the charges of first and second degree kidnapping, the jury announced that it had reached a verdict of not guilty on counts 1, 2 and 3 (including both first and second degree kidnapping) but reported that it was deadlocked on the charges of first and second degree kidnapping under count 4. The court ordered further deliberation on the charges under count 4, but the jury was still unable to reach a verdict. Whereupon the trial judge on his own motion, and without objection from either side, declared a mistrial as to count 4 and restored that part of the indictment to the trial calendar.

At the second trial appellant was found guilty of first degree kidnapping as alleged in the fourth count. Appellant's conviction was affirmed without opinion by the Appellate Division, People v. Rogers, 36 A.D.2d 1024, 321 N.Y. S.2d 1021 (2d Dep't 1971), leave to appeal to the New York Court of Appeals was denied, and the Supreme Court denied certiorari, 405 U.S. 956, 92 S.Ct. 1181, 31 L.Ed.2d 233 (1972).

## II

In his federal petition for habeas corpus appellant challenges his conviction on two grounds. He first claims that since the jury at the first trial acquitted him of the charge of second degree kidnapping (abduction) in connection with the third count, the state was prohibited by the double jeopardy clause as interpreted in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), from later trying him on the fourth count for first degree kidnapping, of which abduction is an essential element. His second argument is that the judge at the first trial acted improperly in declaring a mistrial and, under United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the second trial was prohibited by the double jeopardy clause. As noted at the outset of this opinion, the district court below dismissed appellant's petition on the ground that it failed to allege sufficient facts to support those claims. We express no view on that determination, however, since on the basis of the additional state court records brought to our attention, we believe that the petition should have been dismissed for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b).

As to appellant's claim under Ashe v. Swenson, *supra,* the question of exhaustion is somewhat cloudy, but we believe that section 2254(b) has not been satisfied. Although appellant and his counsel appear to have raised the claim at various stages in the state court proceedings, as appellant himself notes in his brief to this court, "the issue was never properly presented nor understood for the reason that the transcript of the charge to the jury and subsequent events in appellant's first trial was not available." [1] In fact, the relevant portions of the trial judge's charge to the jury and the announcement of the jury's verdict were unaccountably never transcribed until a judge of this court on December 2, 1971 ordered their transcription and production. Thus, it appears that the state courts here were never fully advised and aware that the trial judge at appellant's first trial had instructed the jurors that they could consider whether appellant was guilty of the lesser offense of second degree kidnapping or that the jury actually found appellant innocent of that crime. Since this federal claim has apparently never been fully presented to the state courts, the exhaustion requirement has not been met and the petition should be dismissed. See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); United States ex rel. Figueroa v. McMann, 411 F.2d 915 (2d Cir. 1969); United States ex rel. Boodie v. Herold, 349 F.2d 372 (2d Cir. 1965). It is arguable that we should nevertheless decide the effect of *Ashe* on appellant's second trial because appellant did raise a double jeopardy issue in the state courts. But because the crime involved is so repulsive, the issue of state-federal relationship so delicate, and the double jeopardy claim so unusual and not without difficulty, we believe that the state courts should have the opportunity of making the first determination of the precise legal issue on a full record.

As to appellant's claim under United States v. Jorn, *supra,* neither the petition nor the briefs filed in this court indicate that appellant has made any attempt to present this issue to the state courts for consideration. While the record before us indicates that the claim is a weak one on the merits, nevertheless we believe that the better course is to require exhaustion here as well, unless petitioner presents proof to the district court that the claim was fully presented to the state courts.

Case remanded to the district court to enter an order dismissing the petition without prejudice for exhaustion of state remedies. We are grateful to Henry J. Formon, Jr., appointed counsel in this court, for his efforts on behalf of appellant. We hope that Mr. Formon will continue to represent appellant in the state courts.