**UNITED STATES ex rel. James W. ROGERS, Appellant,**

v.

**J. Edwin LaVALLEE, Warden, Clinton Correctional Facility, Dannemora, New York, Appellee.**

No. 752, Docket 74–2361.

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 1975.

Decided May 15, 1975.

Lois R. Goodman, Projects for Prisoners' Rights, Syracuse, for appellant.

Margery Evans Reifler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before LUMBARD and OAKES, *Circuit Judges,* and BARTELS, *District Judge.**

OAKES, *Circuit Judge:*

■ This is a double jeopardy case,[1] arising out of a state court conviction for kidnapping. The appeal is from a denial of a writ of habeas corpus by the United States District Court for the Northern District of New York, Edmund Port, *Judge.* On appellant's previous appeal to this court from such a denial, *United States ex rel. Rogers* v. *LaVallee,* 463 F.2d 185 (2d Cir. 1972), he was remanded without prejudice for failure to exhaust state remedies, a failure which now has been cured.[2] The case essentially involves the problem whether an acquittal of a lesser included offense under one count necessarily bars a subsequent prosecution when the jury fails to agree on its verdict under another count in which the same lesser offense is also included. Put another way, the question is whether reprosecution after a mistrial following a hung jury on one count is permissible when, inconsistently but pursuant to an inconsistent and erroneous charge, there has been an acquittal on an earlier count of an element, here simple abduction, that is necessary to the later conviction, here kidnapping in the first degree.[3]

Appellant was indicted on four counts relating to the abduction, sexual abuse and death of a 16-month-old child whose body was found in a garbage can in the back of a Brooklyn, New York, supermarket. The four counts were respectively (1) felony murder, that is, a murder in the course of a kidnapping; (2) first degree (intentional) murder; (3) kidnapping in the first degree, statutorily defined as abduction with 12 hours' restraint and intent to injure or to violate the victim sexually; and (4) kidnapping in the first degree, statutorily defined as abduction with death resulting.[4]

After a 19-day trial in the Supreme Court, State of New York, County of Kings, the appellant was acquitted on the first three counts and the jury was unable to agree and a mistrial was granted as to the fourth count. The rub, so far as we are concerned, is that the trial judge charged kidnapping in the second degree, that is to say, simple abduction,[5] as a lesser included offense un-

---

* Of the Eastern District of New York, sitting by designation.

1. *See* U.S.Const., Amendment V ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . ."). The protection against double jeopardy is applicable to the states under the Fourteenth Amendment. *Benton* v. *Maryland,* 395 U.S. 784, 793–96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. A post-conviction proceeding in the state court was denied by the Supreme Court, County of Kings, Damiani, *J.,* on Feb. 8, 1973, and permission to appeal the order was denied by the Appellate Division, Second Dep't, on Apr. 4, 1973. The State concedes that appellant has complied with the exhaustion requirement of 28 U.S.C. § 2254. (State's Brief at 10.)

3. For historical exposition of the double jeopardy clause, *see* Judge Friendly's opinion in *United States* v. *Jenkins,* 490 F.2d 868 (2d Cir. 1973), *aff'd,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). *See also Serfass* v. *United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d

265 (1975); Note, *Government Appeals of "Dismissals" in Criminal Cases,* 87 Harv.L. Rev. 1822 (1974).

4. N.Y.Penal Law § 135.25 (McKinney's Consol. Laws, c. 40, 1967) reads in relevant part:

§ 135.25 Kidnapping in the first degree

A person is guilty of kidnapping in the first degree when he abducts another person and when:

. . . . .

2. He restrains the person abducted for a period of more than twelve hours with intent to:

(a) Inflict physical injury upon him or violate or abuse him sexually; or

. . . . .

3. The person abducted dies during the abduction or before he is able to return or to be returned to safety.

5. N.Y.Penal Law § 135.20 (McKinney 1967) reads in relevant part:

§ 135.20 Kidnapping in the second degree

A person is guilty of kidnapping in the second degree when he abducts another person.

der *both* the third count of kidnapping in the first degree and the fourth count of kidnapping in the first degree. The charge was very explicit in this regard even if very erroneous since it should have permitted the jury to consider kidnapping in the second degree only if there were an acquittal on *both* counts of kidnapping in the first. It was adhered to in one subsequent explanation after the jury had been out for some time but not mentioned as being included under both the third and fourth counts in a subsequent explanation. However, the clerk interrogated the jury after its return of a verdict of not guilty on the third count as follows:

Court Clerk: That is the third count which charges kidnapping in the first degree. Now, still under the third count, has the jury considered kidnapping in the second degree?

Foreman: Not guilty.

Court Clerk: Now under the fourth count of the indictment which charges kidnapping in the first degree. What is the verdict?

Foreman: Deadlocked.

Court Clerk: Deadlocked. Cannot agree. Now, still under the fourth count as to kidnapping under the second degree?

Foreman: Deadlocked.

The clerk questioned the jury as to lesser included offenses under the third count as he did for all four counts in the way the court originally specifically charged the jury, and, in response to the jury's first request for explanation, again specifically charged the jury, *i. e.*, to consider the lesser included offense of simple abduction if there were an acquittal under the third count. Unquestionably the jury was confused since it came back twice to ask for explanations of the charge—the first time to ask for the

court's "interpretation of Kidnapping 1 and Kidnapping 2," the second time to obtain a copy of the third and fourth counts of the indictment[6] and to have the court "again explain first degree kidnapping and second degree kidnapping and the variations."

Just as clearly the jury did acquit the appellant of the offense of kidnapping in the second degree in respect to the third count. The court clerk read the verdict back as recorded after the colloquy above quoted and the foreman agreed in answer to the question "and so say you all?" The jury was then told to return to deliberation and did so but was unable to reach an agreement on the fourth count. Thereupon without objection by the district attorney and no comment by defense counsel, the court found the disagreement, on that basis discharged the jury, and restored the fourth count of the indictment to the trial calendar.

Thereafter the appellant asserted his constitutional right against double jeopardy and moved in the Appellate Division, Second Department, for a writ of prohibition to prevent his retrial on the fourth count; this motion was denied as it was upon its renewal without prejudice at trial. Appellant was retried on the fourth count (abduction plus death) and found guilty of kidnapping in the first degree after a second trial by jury in the Supreme Court, County of Kings. He is presently confined pursuant to that conviction in Clinton Correctional Facility, Dannemora, New York, on a sentence of imprisonment of 20 years to life by Justice Gittleson.[7]

■ It is elemental, of course, but at best only the start of our inquiry to note that "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an al-

---

**6.** The court told the jury that it ordinarily would not be entitled to see the indictment, but that in this case both defense and prosecution had allowed it to be copied.

**7.** His judgment of conviction was unanimously affirmed without opinion, *People* v. *Rogers*, 36

A.D.2d 1024, 321 N.Y.S.2d 1021 (2d Dep't 1971), leave to appeal to the New York Court of Appeals denied on July 6, 1971, *cert. denied*, 405 U.S. 956, 92 S.Ct. 1181, 31 L.Ed.2d 233 (1972). Thus there can be no claim of constitutional bypass.

leged offense." *Green* v. *United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). *See United States* v. *Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (Harlan, *J.,* for the plurality).[8] In this case where there was a jury trial, jeopardy attached when the jury was empaneled and sworn. *Downum* v. *United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963) (discharge of jury due to witness's absence, over defendant's objection). *But see Illinois* v. *Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) (where indictment defective, mistrial after jury sworn but before evidence presented did not bar retrial); *Gori* v. *United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961) (retrial permissible where previous trial judge declared mistrial for benefit of defendant to prevent testimony of prior crimes). It is established in any event that "a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offence." *United States* v. *Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896); *Green* v. *United States,* 355 U.S. at 188, 78 S.Ct. 221; *Illinois* v. *Somerville,* 410 U.S. at 467, 93 S.Ct. 1066. This is true even though the "acquittal may appear to be erroneous." *Green* v. *United States,* 355 U.S. at 188, 78 S.Ct. at 224; *United States* v. *Ball, supra.* *See Peters* v. *Hobby,* 349 U.S. 331, 344–45, 75 S.Ct. 790, 99 L.Ed. 1129 (1955).

■ Historically, Judge Friendly points out, reprosecution after an acquittal was permitted if the first indictment erroneously failed to charge an offense, *e. g., Vaux's Case,*[9] 4 Coke 44, 76 Eng. Rep. 992 (Q.B.1591), but if error was committed by the lower court in the course of the trial, no matter how egre-

gious, the defendant could plead *autrefois acquit* to a second indictment. *See United States* v. *Jenkins,* 490 F.2d 868, 871 (2d Cir. 1973), aff'd, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). The principle that even egregiously erroneous trial court action that resulted in a *verdict of acquittal* would constitute jeopardy so that the defendant could not be successively prosecuted was firmly established in *Fong Foo* v. *United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962) (retrial barred although verdict erroneously directed against Government because of lack of credibility of Government's initial witnesses and improper prosecutorial conduct). *See also United States* v. *Sisson,* 399 U.S. 267, 288–90, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970) (after guilty verdict on willful failure to submit to induction, action dismissed on erroneous conscientious objector grounds resulting from evidence adduced at trial—Government appeal dismissed for lack of jurisdiction). Here the state trial court was in error not only by virtue of instructions which caused the jury to consider second degree kidnapping under both Counts Three and Four but also by failure to recognize the inconsistency between the verdict of acquittal for both first and second degree kidnapping under Count Three and the inability to agree on both first degree and second degree kidnapping under Count Four. The State, by failing to object to the charge or to the form of the verdict as rendered, was equally at fault.

Judge Port below held for the State that the jury's disagreement as to Count Four was entitled to at least as much weight as the acquittal under Count Three, so that the end result was no more than a confused, inconsistent and repugnant verdict. And he relied upon

---

8. Justice Harlan's opinion for the plurality in *Jorn* was based on the trial court's erroneously declaring a mistrial to permit witnesses to consult with counsel and thereby abusing its discretion under the "manifest necessity" doctrine of *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); Justices Black and Brennan felt that the action of the trial judge amounted to an acquittal.

9. *Compare United States* v. *Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), where it was held, after consideration of *Vaux's Case, supra,* that a new prosecution could not be brought after an acquittal under a defective indictment, *with Illinois* v. *Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

our recent decisions that inconsistent jury verdicts simultaneously rendered are the jury's prerogative. *United States* v. *Zane*, 495 F.2d 683, 690 (2d Cir.), *cert. denied*, 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974) (not guilty verdict on conspiracy count does not foreclose guilty verdict on substantive count rendered later in deliberations). *See also Dunn* v. *United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), *following Steckler* v. *United States*, 7 F.2d 59 (2d Cir. 1925). Had the jury in the state court here brought in a verdict of not guilty of kidnapping in the second degree under Count Three but guilty under Count Four, one would have a strong argument that the principles of these cases governed.

The difficulty with the district court's point of view, however, is that it rests on the proposition that "viewing the verdict herein as an entity and as a whole, I cannot find that the jury herein necessarily acquitted petitioner of kidnapping 2nd degree." In fact, however, the jury did just that, however erroneously and no matter how confused. The verdict was an express acquittal of kidnapping in the second degree.[10] It was rendered without correction by the trial court and without objection to the inconsistency by the prosecution. Under *Ashe* v. *Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), where it appears that the jury's verdict in the prior trial necessarily decided the issues raised in the second prosecution, collateral estoppel is constitutionally operative, embodied in the guarantee against double jeopardy. *See also United States* v. *Gugliaro*, 501 F.2d 68, 70 (2d Cir. 1974); *United States* v. *Tramunti*, 500 F.2d 1334, 1346 (2d Cir.), *cert. denied*, 419 U.S.

1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974); Mayers & Yarbrough, Bis Vexari: *New Trials and Successive Prosecutions*, 74 Harv.L.Rev. 1, 39–41 (1960).

It may be true that the appellant and his counsel failed to object when the trial judge declared a mistrial on the fourth count and discharged the jury. It would be the height of invention, however, to consider this as trial strategy amounting to consent which would preclude the defendant from invoking the double jeopardy clause upon a retrial. This is not a case where no verdict has been rendered and the entire first proceeding declared a mistrial. Here defendant cannot be deemed to have consented to a retrial because he did not insist that the judge refuse to accept the jury's statement that it could not agree on the last count after acquitting on the first three. *See generally* Mansfield, J., concurring in *United States ex rel. Jackson* v. *Follette*, 462 F.2d 1041, 1052–53 (2d Cir.), *cert. denied*, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 496 (1972). Indeed, such consent would have been unnecessary if the court, in its sound discretion, found that there was "manifest necessity" for the declaration of a mistrial. *United States* v. *Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *Illinois* v. *Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

In note 7 of the opinion in *United States* v. *Jenkins*, 420 U.S. at 365, 95 S.Ct. at 1011, the Court said that "it is of critical importance whether the proceedings in the trial court terminate in a mistrial as they did in the *Somerville* line of cases, or in the defendant's favor, as they did here." Here, of course, as to Count Three the proceedings did termi-

---

**10.** The district judge believed the jury viewed the second degree kidnapping charge under the third count, abduction for 12 hours with intent to injure or molest, as also including the 12 hours element. Such a view makes consistent the acquittal of second degree kidnapping under Count Three and failure to agree about second degree kidnapping under Count Four. Although Judge Port was "mindful of the dangers involved in 'conjecture as to the jury's

mental gymnastics,' *United States* v. *Zane* [495 F.2d 683, 691 (2d Cir.), *cert. denied*, [419 U.S. 894, 95 S.Ct. 174, 42 L.Ed.2d 139] 43 U.S.L.W. 3239 (U.S. Oct. 22, 1974)]," *United States ex rel. Rogers* v. *LaVallee*, No. 73-CV-459 at 7 n. 10, to read in a 12 hour definition to the second degree kidnapping charge is conjecture and ignores the fact that at no time was such a charge given.

nate with a verdict in the defendant's favor, even if as to Count Four they terminated in a mistrial. That seems to us to end the question. *United States ex rel. Jackson v. Follette, supra,* is not to the contrary for there there was no acquittal, nor even an implicit acquittal; the jury remained silent on the count on which the defendant was later convicted.

Judgment reversed; petition for the writ granted.

LUMBARD, *Circuit Judge* (dissenting):

I respectfully dissent.

I am not persuaded that the Double Jeopardy Clause, or the Supreme Court cases applying it, prohibited New York from again trying James Rogers for kidnapping in the first degree—described in count four of the indictment as abduction resulting in the death of sixteen-month-old Delia Mott. In contrast to the majority, which focuses on the not-guilty verdicts under count three,[1] for me the determinative consideration is that Rogers' first trial ended in a hung jury, deadlocked over whether Rogers was guilty of abduction resulting in death or even simple abduction, both of which were charged under count four.

The first trial took fifteen days. The jury deliberated two days. On the second day of deliberations, the jury returned not guilty verdicts on counts one, two,[2] and three, and at the same time announced its deadlock on count four. The jury then continued deliberations on count four for several hours. Finally, it returned to court still deadlocked, and the judge declared a mistrial on count four, without objection by defense counsel.

As a starting point, under this Circuit's decision in *United States v. Zane,* 495 F.2d 683 (2d Cir.), *cert. denied,* 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974), it is clear that had the jury at Rogers' first trial broken its deadlock and returned a guilty verdict under count four, of either abduction resulting in death or simple abduction, this guilty verdict would have withstood an attack based on double jeopardy, res judicata, or collateral estoppel, notwithstanding the not-guilty verdict entered hours earlier by the same jury with respect to the subsidiary charge of simple abduction under count three. See also *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). As detailed in *Zane,* courts have been unwilling to upset allegedly "inconsistent" jury verdicts by speculation as to whether they might have been the result of compromise or mistake. In the present case, one reasonable explanation for the acquittal of simple abduction under count three and the deadlock under count four, is that the jury may have misunderstood the precise elements of simple abduction under count three. It may have thought that simple abduction under count three included the time element of the primary charge (twelve hours) or some requirement of an intent to injure. Alternatively, the jury may have thought that one of the two charges of simple abduction was surplusage, and by acquitting Rogers under all of count three, it did not intend to eliminate simple abduction as charged under count four from its further deliberations, not to mention the primary charge under count four of abduction resulting in death. Another possibility is that the jury simply wanted to focus on that count (four) where it felt there was the greatest possibility of agreement on a guilty verdict.

This case differs, however, from *Zane* in that the jury returned after completing its second day of deliberations, still deadlocked on count four, and the court declared a mistrial. Thus, unlike *Zane,* Rogers' subsequent conviction of abduc-

---

1. Count three charged abduction for more than twelve hours with intent to injure the victim or to violate the victim sexually. Simple abduction was a subsidiary charge under count three, as it was under count four.

2. Count one charged felony murder, and count two charged murder in the first degree.

tion resulting in death came only after a *second trial*, which meant that Rogers was again "subject[ed] to embarrassment, expense and ordeal and compell[ed] to live in a continuing state of anxiety and insecurity"—a harm against which the Double Jeopardy Clause was intended to protect in certain situations. *United States* v. *Jenkins*, 420 U.S. 358, 370, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975).

But the Double Jeopardy Clause does not bar all reprosecutions. As the Supreme Court noted in *Jenkins*, it is "of critical importance whether the proceedings, in the trial court terminate in a mistrial as they did in the *Somerville*[3] line of cases, or in the defendant's favor. . . ." at 365 n.7, 95 S.Ct. at 1011 n. 7. The *Somerville* line of cases referred to by the court holds that a retrial is not barred by the Double Jeopardy Clause where a court has declared a mistrial because there was a "manifest necessity" for such action. One well-established situation where retrial is permitted is where a jury has become deadlocked after extensive deliberations and the trial court concludes that justice would not be served by pressuring the jury to reach a verdict one way or the other. See *Illinois* v. *Somerville*, 410 U.S. at 461–63, 93 S.Ct. 1066; *United States* v. *Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); *United States* v. *Goldstein*, 479 F.2d 1061, 1068–69 (2d Cir.), *cert. denied*, 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973). Indeed, to my knowledge, prior to this case, the Double Jeopardy Clause has not been held to be a bar to a retrial of counts regarding which a jury has failed to agree and where the trial judge has properly exercised his discretion in declaring a mistrial.

There is no indication here that the trial judge abused his discretion in determining that the ends of justice would best be served by a new trial, rather than by forcing continued deliberations until the deadlock was broken. See *United States* v. *Goldstein, supra.* The jury here had deliberated two days, following a fifteen-day trial, and was still unable to reach a verdict on count four. Moreover, the defendant made no objection to the declaration of a mistrial.

The majority, however, claims that this case does not fall within the *Somerville* line of cases. It finds that the acquittal of Rogers on count three was sufficient to bar reprosecution on count four, despite the fact that it would not have barred a conviction by the initial jury on count four. However I find no valid reason to distinguish the present case from the usual situation where a retrial is permitted on the counts on which a jury has been unable to agree. Rogers' trial did not terminate in his favor; he was still very much in jeopardy of conviction for abduction resulting in death or simple abduction. To focus solely on the answer of "not guilty" to the subsidiary charge of simple abduction under count three is to ignore the fact that in virtually the same breath the foreman stated that the jury was deadlocked not only on simple abduction as charged under count four, but on the primary charge under count four of kidnapping resulting in death. The jury even continued its deliberations on count four alone, only to return to court a second time, still deadlocked, at which point the judge declared a mistrial. There is no way in which it can be said in these circumstances that the jury had determined that Rogers had not committed even simple abduction. Reprosecution of Rogers could not possibly deprive him of the benefit of favorable factual findings below.[4]

---

3. *Illinois* v. *Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1974).

4. *Green* v. *United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), relied upon by the majority, does not control the present case. Defendant Green was initially convicted of second degree murder, with the jury returning no verdict on the related charge of first degree murder. After Green successfully appealed his conviction of second degree murder, the government retried him on murder in both the first and second degrees.

In these circumstances, I do not believe that the Double Jeopardy Clause barred reprosecution of Rogers for the crime of kidnapping in the first degree (kidnapping resulting in death). Accordingly I would affirm the order of the district court denying Rogers' petition for a writ of habeas corpus.

In finding that the Double Jeopardy Clause barred reprosecution of Green for murder in the first degree, the Court stated that the great majority of cases in this country have regarded a jury verdict like that returned at Green's first trial, as an implied acquittal of murder in the first degree. In addition, the Court found that the retrial did not fall within *United States* v. *Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), because there was no "manifest necessity" for subjecting Green to a second trial on first degree murder. The first jury had had a full opportunity to return a verdict on that count, and no extraordinary circumstances appeared which prevented it from doing so. Moreover, Green had not consented to the dismissal of the first jury.

In the present case, however, the judge quite properly declared a mistrial when the jury deadlocked over count four after two days of deliberations. Moreover, I do not view the jury's conduct at Rogers' first trial as amounting to even an implied acquittal of simple abduction. At the same time that the jury announced the not guilty verdicts under count three, it announced that it was deadlocked over count four which charged abduction resulting in death and simple abduction. It thereafter continued to deliberate on count four, still failing to reach a verdict, at which point the judge declared the mistrial.

The majority's reliance on *Ashe* v. *Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), also seems misplaced. I do not believe that the jury at Rogers' first trial *necessarily* decided the factual issues raised in Rogers' retrial under count four. See Majority Op. at 1334. Although the jury found Rogers not guilty under count three of simple abduction, it continued to consider that very charge as well as abduction resulting in death, under count four, and failed after further deliberations to reach a verdict.