UNITED STATES of America, Appellee,

v.

Santos MEDINA, Defendant-Appellant.

No. 1236, Docket 83–1050.

United States Court of Appeals,
Second Circuit.

Argued May 5, 1983.

Decided May 27, 1983.

Roanne L. Mann, Asst. U.S. Atty., New York City (John S. Martin, U.S. Atty., Louis J. Freeh, Asst. U.S. Atty., of counsel), for appellee.

Lawrence W. Kessler, Hempstead, N.Y. for defendant-appellant.

* Of the United States District Court for the Eastern District of New York, sitting by designation.

** Our dissenting brother misconstrues the doctrine of collateral estoppel and its application to the case of a criminal defendant who attempts to preclude reprosecution of a count on which the initial jury was unable to reach a verdict. As noted in the text, our decisions, which the dissent fails to discuss, have established the principle that the defendant bears the burden of proving the first verdict *necessarily* determined in his favor the issues he seeks to foreclose from the jury's consideration on retrial. *United States v. Seijo,* 537 F.2d 694, 697 (2d Cir.1976), *cert. denied,* 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977); *United States v. Cala,* 521 F.2d 605, 608 (2d Cir.1975).

Before KAUFMAN and VAN GRAAF-EILAND, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM:

Santos Medina appeals from Judge Werker's order denying his motion to dismiss count two of a three count indictment or, alternatively, to exclude certain evidence in a possible subsequent prosecution. Medina was tried before Judge Werker and a jury in December 1982. He was charged with conspiracy to rob a bank, 18 U.S.C. §§ 371, 2113(a) (count 1), aiding and abetting a bank robbery, 18 U.S.C. §§ 2, 2113(a) (count 2), and aiding and abetting an armed bank robbery, 18 U.S.C. §§ 2, 2113(d) (count 3). The jury acquitted Medina on counts one and three, but was unable to reach a verdict on count two. Following the verdict, the district court declared a mistrial, and Medina then submitted the motion to which we have referred.

We affirm the order for the reasons stated in Judge Werker's thorough opinion. 563 F.Supp. 979 (S.D.N.Y. 1983). Medina cannot demonstrate "that the issue he seeks to foreclose was 'necessarily' resolved in his favor in the first verdict," and accordingly, he may not successfully invoke the collateral estoppel component of the Double Jeopardy Clause. *United States v. Seijo,* 537 F.2d 694, 697 (2d Cir.1976), *cert. denied,* 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977).**

Moreover, this burden "is a heavy one," *United States v. Seijo, supra,* 537 F.2d at 697, because of the great difficulty of proving the basis for the jury's verdict. *Id.; United States v. Clark,* 613 F.2d 391, 400 (2d Cir.1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

In the present case, the jury could reasonably have acquitted Medina on count 3 because it believed the government had not sustained its burden of demonstrating appellant knew firearms would be employed in the robbery. Although it was undisputed the robbers were armed, there was no direct evidence indicating Medina was aware of this fact. Accordingly, the jury could have concluded Medina had not been proven guilty of aiding and abetting an armed robbery of a bank without resolving any of the essential elements of count 2.

MISHLER, District Judge, dissenting:

On March 25, 1982, Edwin Torres, Roman Rodriguez, and Jorge Pierna robbed the Manufacturers Hanover Trust Company located at 200 E. Gunhill Road, Bronx, New York, armed with loaded revolvers. They were subsequently charged with violation of 18 U.S.C. § 2113(d). They pled guilty to the charge on May 7, 1982.

On October 18, 1982, a three count indictment was returned against Santos Medina in connection with the aforesaid robbery. Count One charged Medina with membership in a conspiracy to rob the bank in violation of 18 U.S.C. § 2113(a) and (d).[1] Count Two charged that Medina aided and abetted the bank robbery in violation of § 2113(a). Count Three charged that Medina aided and abetted the bank robbery "and in the course of committing said offense, did assault a person and put in jeopardy the life of a person by the use of a dangerous weapon." 18 U.S.C. § 2113(d).

The government's case against Medina consisted primarily of the testimony of four witnesses. Roman Rodriguez and Edwin Baez testified that Medina planned the robbery. (Baez was the driver of the switch car used in the robbery.) The third witness was Victor Rosado. Rosado observed the robbery while riding past the bank in a van. He pursued three individuals who fled from the bank in a green car. Rosado testified that his pursuit of the robbers was cut off when Medina drove his car into the path of the van. According to Rosado, Medina warned that "the assailants were armed and dangerous and the police already had information." The fourth witness was F.B.I. Agent Edward Bodigheimer. Bodigheimer introduced a post-arrest statement made by Medina in which Medina admitted knowing that the bank was going to be robbed. In his statement, Medina claimed that he was at the scene of the robbery to persuade his friend, Rodriguez, not to rob the bank. Medina falsely claimed to have given a description of the robbers to a police officer.

The jury acquitted Medina on Counts One and Three and was unable to reach a verdict on Count Two. The government expressed its intention to retry Medina on Count Two. Medina then moved, on double jeopardy grounds, for an order barring further prosecution or, in the alternative, precluding the government from seeking to

---

Although as the dissent correctly notes, an examination of the court's charge to the jury may help elucidate the basis for the verdict, see *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), such examination must be of the charge as a whole, not of incomplete excerpts which, standing alone, may be misleading. Judge Werker specifically noted the elements required for a conviction on an armed robbery charge, beyond those necessary for the lesser offense of bank robbery:

In order to convict the defendant on Count three, you must find that the government has proved beyond a reasonable doubt all of the elements of the crime charged in Count two. In addition, you must find beyond a reasonable doubt that the defendant in committing or attempting to commit this crime either assaulted or put in jeopardy the life of a person by the use of a dangerous weapon or device. Count three requires a finding that the defendant either: 1, assaulted a person by the use of a dangerous weapon or device; or 2, [e]ndangered the life of a person by the use of a dangerous weapon or device.

After being instructed in this manner, the jury could have determined the government had not proved these elements, required for a conviction on count 3, but not relevant to the lesser charge on count 2. Accordingly, there is no basis for concluding the jury's verdict of acquittal on count 3 "necessarily" resolved in Medina's favor any elements necessary for a conviction on count 2. Judge Werker properly denied Medina's motions.

1. § 2113. Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . .

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

prove that Medina recruited personnel for the robbery or acted as a lookout for the robbers. In an order dated January 31, 1983, the court denied Medina's motions. The trial judge reasoned that

the acquittal on count three did not necessarily resolve in Medina's favor any of the elements of count two. While the proof at trial overwhelmingly demonstrated that a gun was used during the course of the robbery, there was no direct evidence that Medina aided, induced or procured that activity. In addition, although the jury most likely concluded that Medina knew that the robbers were armed, I instructed the jury that knowledge alone was not a sufficient ground upon which to find Medina guilty as an aider and abettor.

With respect to the acquittal on the conspiracy count, the trial judge concluded that the jury might have found that Medina's role as a lookout "was not sufficiently indicative of Medina's entering into an agreement ... to commit the robbery." As for the evidence that Medina recruited personnel for the robbery, the court hypothesized that the jury might have found the evidence either incredible or insufficient to establish a conspiracy. Because I believe that the doctrine of collateral estoppel bars the government from proving an essential element of the crime for which it seeks to retry Medina, I would reverse the decision of the learned trial judge and direct dismissal of the indictment.

The doctrine of collateral estoppel "means simply that when a [sic] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Collateral estoppel is applicable to criminal prosecutions as an element of the double jeopardy clause. *Id.* at 445–46, 90 S.Ct. at 1195. Application of the doctrine "has two phases. The first is to determine what the first judgment determined, a process in which ... the court must look not simply to the pleadings but to the record in the prior trial. The

second is to examine how that determination bears on the second case." *United States v. Kramer,* 289 F.2d 909, 913 (2d Cir.1961). In *Ashe v. Swenson, supra,* the Supreme Court fleshed out the nature of this process, explaining that

the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 240 [92 L.Ed. 180]. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

397 U.S. at 444, 90 S.Ct. at 1194.

Under *Ashe,* we must look to the judge's charge and the evidence to determine whether the "jury resolved in his favor the very issue he seeks to foreclose from consideration in the second trial." *United States v. Mespoulede,* 597 F.2d 329, 333 (2d Cir. 1979). Medina argues that he cannot be retried for bank robbery. Thus, the issue which he seeks to foreclose from reconsideration is whether he aided and abetted the bank robbery. Although a conviction for aiding and abetting an armed bank robbery requires proof that Medina knew of or contemplated the use of a dangerous weapon in the robbery, *United States v. McCaskill,* 676 F.2d 995, 998 (4th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 381, 74 L.Ed.2d 513 (1982); *United States v. Sanborn,* 563 F.2d

488, 491 (1st Cir.1977), the trial judge neglected to include this requirement in his charge to the jury. He instead gave a general charge for aiding and abetting and did not specifically apply the charge to the separate counts in the indictment. Thus, he instructed the jury as follows:

> The government contends that the defendant by his conduct before, during and after the robbery of the Manufacturers Hanover Trust Company, aided and abetted others in the commission of the crimes charged in Counts Two and Three.
>
> . . . .
>
> Of course, to find the defendant guilty of aiding and abetting, you must find something more than mere knowledge on his part that a crime was being committed, for a mere spectator at a crime is not a participant.
>
> . . . .
>
> To determine whether the defendant aided the commission of an offense, you may ask yourselves the following questions: Did he associate himself with the venture? Did he participate in it as something he wished to bring about? . . . . I must caution you, however, that mere association with criminals, mere presence at the scene of the crime, and mere knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime, unless you find that the defendant was a participant and not merely a knowing spectator.

Since the jury was instructed that in order to convict Medina, the government must prove that he "participated" in the criminal venture, the acquittal on Count Three necessarily reflects the jury's finding that there was a reasonable doubt whether Medina participated in the criminal venture. This issue having been resolved in Medina's favor, the government is precluded from relitigating it. Since participation in the criminal venture is also an essential element of Count Two of the indictment, the preclusion of this issue makes it impossible for the government to prove the elements of Count Two in a subsequent attempt to convict Medina on that Count. Accordingly, retrial is barred by collateral estoppel.

The government argues that the acquittal of Count Three established only that the jury was unconvinced that a dangerous weapon was used in the robbery. In support of this, the government points to the jury's inability to reach a verdict on Count Two which, the government notes, is identical to Count Three in all respects except that it does not require the use of a dangerous weapon. There are two answers to this contention. First, little significance can be accorded to the jury's failure to reach a unanimous verdict. *See United States ex rel. Rogers v. LaVallee,* 517 F.2d 1330 (2d Cir.1975), *cert. denied,* 423 U.S. 1078, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976).[2] Second, the government's contention completely ignores the evidence presented at trial. Not only was the use of a weapon clearly established and uncontested by Medina, it was conceded by Medina's attorney in his closing remarks to the jury. *See United States v. Mespoulede,* 597 F.2d 329, 333 (2d Cir.1979). The Supreme Court cautioned in *Ashe v.*

**2.** The trial judge reasoned that the jury would have acquitted on all three counts if there was a reasonable doubt on an element of § 2113(d) other than the weapons element. However, this argument can just as easily be turned the other way. In other words, if the jurors did not have a reasonable doubt on an element other than the weapons element, they would have returned a verdict convicting Medina of § 2113(a). This Circuit has held that an acquittal should be accorded greater weight than a deadlock. *See United States ex rel. Rogers v. LaVallee,* 517 F.2d 1330 (2d Cir.1975), *cert. denied,* 423 U.S. 1078, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). Thus, to the extent that an infer-

ence can be gleaned from the jury's inability to reach a verdict on Count Two and the acquittal on Count Three, that inference must favor Medina. More important, the double cutting edge of this argument points out the folly of speculating into the jury's deliberation process. The deliberations of a jury are simply not susceptible to such logical analysis. There is wisdom in the Supreme Court's admonition in *Ashe v. Swenson, supra,* that "hypertechnical" analysis of a general verdict would "simply amount to a rejection of the rule of collateral estoppel in criminal proceedings." 397 U.S. at 444, 90 S.Ct. at 1194.

*Swenson, supra,* against interpretations of the jury's verdict which are unrealistic and which fail to take into account the evidence presented to the jury.

The government next argues that even if the jury believed that a dangerous weapon was used in the robbery, they may have acquitted because the government's proof did not establish that Medina specifically participated in or otherwise aided and abetted in the use of the dangerous weapon. The simple answer to this contention is that the jury was not charged that aiding and abetting a violation of Count Three required participation in the use of a dangerous weapon. As noted earlier, the jury was charged only that a conviction for aiding and abetting required proof of participation in the criminal venture. Moreover, there was no evidence that Medina himself was armed or that he ever entered the bank and thus could have participated in the use of a gun by others. It stretches credulity too far to assume that the jury interpreted the judge's charge as requiring participation in the use of a gun when the facts before the jury could not support even an inference of such participation by Medina.

The jury having found Medina "not guilty" of aiding and abetting the robbery

of the bank on March 25, 1982, he should not be required "to 'run the gauntlet' a second time." *Ashe v. Swenson,* 397 U.S. at 446, 90 S.Ct. at 1195 (quoting *Green v. United States,* 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957)).[3] Accordingly, I vote to reverse.

**3.** There is authority for the proposition that after having been acquitted of armed bank robbery, Medina cannot be retried for the lesser included offense of armed robbery. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ex Parte Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). In *Brown,* the Court held that double jeopardy attaches to a conviction and precludes subsequent prosecution for a lesser included offense. Similarly, an initial acquittal bars reprosecution for a lesser included offense. *United States v. Seijo,* 537 F.2d 694, 698–99 (2d Cir.1976), *cert. denied,* 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977); *United States v. Middleton,* 673 F.2d 31, 33 (1st Cir.1982). On the other hand, it is well established that a defendant may be retried when a hung jury results in a mistrial. *United States v. Perez,* 9 Wheat. 579, 6 L.Ed. 165 (1824). This case presents the hybrid question whether acquittal of a greater offense and a hung jury on a lesser included offense precludes retrial of the lesser offense. While there is tenuous support in this Circuit for the view that double jeopardy does bar retrial of the lesser offense under these circumstances, *see United States ex rel. Rogers v. LaVallee,*

517 F.2d 1330 (2d Cir.1975), *cert. denied,* 423 U.S. 1078, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976); *United States ex rel. Paul v. Henderson,* 535 F.Supp. 677, 679–81 (N.D.N.Y.1982), there is authority more on point in the other circuits which reaches the opposite conclusion. *See United States v. DeVincent,* 632 F.2d 155 (1st Cir.1980), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981); *United States v. Larkin,* 605 F.2d 1360 (5th Cir.1979), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2160, 64 L.Ed.2d 793 (1980); *Forsberg v. United States,* 351 F.2d 242 (9th Cir.1965), *cert. denied,* 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212 (1966). The better reasoned view is that *Brown* applies only when the government could have, but did not, try the greater and lesser offenses in a single proceeding. *See Jeffers v. United States,* 432 U.S. 137, 150–52, 97 S.Ct. 2207, 2216–17, 53 L.Ed.2d 168 (1977). Thus, when a defendant is charged with two offenses in a single proceeding, one of which is a lesser included offense of the other, and the jury acquits on the greater offense but cannot reach a verdict on the lesser offense, double jeopardy does not bar retrial of the lesser offense, except as required by rules of collateral estoppel.