STATE OF NORTH CAROLINA v. REUBEN ISAAC COATS

No. 32

(Filed 7 October 1980)

1. **Robbery § 5.4— armed robbery charged – instruction on common law robbery not required**

    In a prosecution for armed robbery where the evidence tended to show that a gun was pointed at the victim and its persuasive influence was still present when defendant removed the victim's watch and wallet, defendant's denial of his participation in the robbery and his denial that he saw a gun during the robbery did not constitute evidence sufficient to require the trial court to submit an issue of common law robbery to the jury.

2. **Criminal Law § 126— polling of jury – comment by juror – unanimous verdict**

    The verdict of the jury was unanimous and the trial court properly accepted it, though a juror, when asked if the guilty verdict was her verdict, responded, "We understood it acting in concert," since the juror's comment referred to the instructions which had been given by the trial judge, and the juror responded affirmatively when the question was put to her again.

Justice BROCK took no part in the consideration or decision of this case.

DEFENDANT appeals from decision of the Court of Appeals, 46 N.C. App. 615, 265 S.E. 2d 486 (1980), upholding judgment of *Brown, J.,* entered at the 30 July 1979 Criminal Session, CUMBERLAND Superior Court.

Defendant was tried upon a bill of indictment charging him with the armed robbery of James Russell Smith on 20 December 1978 in Cumberland County.

Evidence for the State tends to show that James Russell Smith was casually acquainted with defendant, having been in prison with him. On 20 December 1978, Smith entered a car occupied by defendant and three other black men. Smith sat on the rear seat of the car with defendant on his left and another man on his right. A man called "Hoot" sat on the passenger side of the front seat and the fourth man did the driving. As the car was driven out of town, Hoot asked James Russell Smith, "Have you ever been robbed white boy? Well, you're robbed now." At that time, Smith saw that Hoot had a silver gun. Hoot then struck Smith in the mouth and the man sitting on Smith's right also struck him across the nose. The blows knocked out two of

Smith's teeth. The defendant then took Smith's wallet, containing eight dollars in currency, his watch, four to five dollars in change and $68 located in Smith's right front pocket. Smith's shoes and shirt were then taken from him, and he was thrown out of the vehicle.

Defendant testified in his own behalf and swore that on 20 December 1978 he, together with Smith and three other males, entered a vehicle; that as the car proceeded toward Highway 87, the occupant of the front passenger seat known as "Hoot" turned and asked James Smith if he had ever been robbed; that Hoot then said, "you are robbed now, white boy," and struck Smith in the face; that the person sitting to Smith's right also struck him; that Hoot and the other man robbed Smith and threw him out of the car. Defendant swore he did not participate in the robbery and further stated that it was dark and he never saw a gun.

The jury convicted defendant of armed robbery as charged, and he was sentenced to forty years in prison. On defendant's appeal, the Court of Appeals found no error with Webb, J., dissenting. Defendant thereupon appealed to this Court pursuant to G.S. 7A-30(2), assigning errors discussed in the opinion.

*Rufus L. Edmisten, Attorney General; Dennis P. Myers, Assistant Attorney General, for the State*

*Daniel T. Perry, III, attorney for defendant appellant*

HUSKINS, Justice:

[1] The trial judge submitted two, and only two, permissible verdicts, viz: guilty of armed robbery as charged or not guilty. Defendant's first assignment of error is based on the contention that the court erred in failing to submit common law robbery as a permissible verdict. The Court of Appeals found no merit in this assignment and neither do we.

"The essential difference between armed robbery and common law robbery is that the former is accomplished by the use

or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. In a prosecution for armed robbery, the court is not required to submit the lesser included offense of common law robbery unless there is evidence of defendant's guilt of that crime. If the State's evidence shows an armed robbery as charged in the indictment that there is no conflicting evidence *relating to the elements* of the crime charged an instruction on common law robbery is not required." *State v. Lee,* 282 N.C. 566, 569-70, 193 S.E. 2d 705, 707 (1973) (citations omitted); *accord, State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235 (1971).

In the instant case, Smith testified that he saw the barrel, handles and cylinder of a silver-colored heavy gun. The gun was pointed at Smith by Hoot when the robbery commenced, and its persuasive influence was still present when defendant removed Smith's watch and wallet. Thus, the State's evidence shows an armed robbery as charged in the bill of indictment. The mere fact that defendant swore he did not see a weapon is of insufficient probative value to warrant or require the submission to the jury of the lesser included offense of common law robbery. *Compare State v. Thompson,* 297 N.C. 285, 254 S.E. 2d 526 (1979). His statement to that effect is not in conflict with the State's evidence. He explained why he could not see the gun, saying, "It was dark in the car and it was dark and it was dark in the area. I was in the back seat and I never saw no gun." Obviously, an instruction on common law robbery was not required. Defendant's testimony that he did not participate in the robbery and did not see a gun constitutes no evidence of his guilt of common law robbery. Defendant's first assignment of error is overruled.

[2] Defendant contends the verdict of the jury was not unanimous and the court erred in accepting it. This constitutes his second assignment of error.

When the verdict was returned in open court, defendant requested that the jurors be polled and this was done. During that inquiry, the following colloquy occurred:

"COURT: Mrs. Bailey, your foreman has returned a verdict of guilty as charged, was this your verdict?

MRS. BAILEY: We understood it acting in concert.

COURT: Was this your verdict?

MRS. BAILEY: Yes.

COURT: And do you still agree and assent thereto?

MRS. BAILEY: Yes."

Defendant argues that the quoted colloquy does not establish affirmatively that each juror assented to the verdict announced earlier by the foreman. Defendant therefore contends the verdict was not unanimous as required by Article I, section 24 of the Constitution of North Carolina.

We find no merit in this contention. The record reveals that the trial judge had charged the jury, in pertinent part, as follows:

"Now, for a person to be guilty of a crime it is not necessary that he himself do all the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit robbery with a firearm each of them is held responsible for the acts of the others done in the commission of robbery with a firearm.

So, I charge that if you find from the evidence and beyond a reasonable doubt that on or about December 20, 1978 Reuben Isaac Coats acting either by himself or acting together with others had in his possession a firearm and took and carried away money and watch and wallet and shoes from the person or presence of James Smith without his voluntary consent by endangering or threatening his life with the use or threatened use of a pistol, the defendant, Reuben Isaac Coats, knowing that he was not entitled to take the money, watch, wallet and shoes and intending at that time to deprive James Smith of its use permanently it would be your duty to return a verdict of guilty of robbery with a firearm. However, if you do not so find or have a reasonable doubt as to one or more of these things it would be your duty to return a verdict of not guilty."

It is quite obvious that the comment of the juror refers to the quoted instruction that it was not necessary for defendant himself to do all the acts necessary to constitute the crime and that if several persons acted together with a common purpose to commit robbery with a firearm, then each of them was in law responsible for the acts of the others. That is what Mrs. Bailey was talking about when she said, "We understood it acting in concert." It is therefore equally obvious that the verdict of the jury was unanimous and the court properly accepted it. Defendant's second and final assignment of error is overruled.

Defendant has shown no prejudicial error in his trial and conviction. The verdict and judgment must therefore be upheld.

No Error.

Justice BROCK took no part in the consideration or decision of this case.