[No. 5486–II. Division Two. January 15, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN
PLAKKE, *Appellant.*

*Timothy K. Ford,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

PETRIE, J.—Defendant, Brian Plakke, was convicted as an accomplice to the crime of first degree robbery.[1] Sentence was deferred, and he was placed on probation for 3 years. On appeal, the primary issue is whether accomplice liability to first degree robbery requires proof beyond a reasonable doubt that the alleged accomplice was aware of his principal's possession of a deadly weapon during the commission of the crime. We answer in the affirmative and remand for entry of conviction of second degree robbery.

At approximately 10 p.m. on July 23, 1979, 18-year-old Brian Plakke and a codefendant, Steven Juhlin, entered a Port Orchard motel. Juhlin asked the night manager about a room. Defendant Plakke browsed through travel brochures. The manager informed Juhlin there were no rooms available. Juhlin pulled a knife and demanded money. The manager complied and handed him the cash drawer contents. Both defendants fled in a pickup truck.

Plakke testified that he and Juhlin had been drinking heavily that evening and had gone out about 9:30 p.m. for cigarettes. While driving through Port Orchard, Juhlin made several remarks about how they could pick up some quick cash by robbing a local business. Plakke contended he made light of Juhlin's "plans." Juhlin stopped the truck and entered the motel. Plakke followed. Plakke thought Juhlin was going to "check things out" but did not anticipate that Juhlin would commit a robbery. Until Juhlin brandished the knife at the night manager, Plakke allegedly

---

[1]RCW 9A.56.200(1) provides in pertinent part:

"(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

"(a) Is armed with a deadly weapon; or

"(b) Displays what appears to be a firearm or other deadly weapon; or

"(c) Inflicts bodily injury."

was not aware his companion was armed. Defendant's account of his unpurposeful participation in the armed robbery was supported by his girlfriend's testimony that on returning to the house he acted nervous and uncomfortable.

The trial court instructed the jury on accomplice liability, RCW 9A.08.020, and first degree robbery, RCW 9A.56.200, and also presented the jury a special verdict form as follows:

> Was the defendant, Brian Plakke, or an accomplice armed with a deadly weapon at the time of the commission of the crime?

The trial record reveals that during deliberations the jury submitted questions to the court concerning the relationship between the elements of first degree robbery and the deadly weapon special verdict form. The court directed the jury to reread the instructions. Three hours later the jury returned a guilty verdict on first degree robbery and answered the special verdict form, "Yes."

When polled, the jury foreman and another juror stated that they believed if they found defendant guilty of first degree robbery, they were required to answer the special verdict form "Yes." Over defense counsel's objections the court then submitted this special verdict form:

> Was the defendant, Brian Plakke, an accomplice as defined above to the act of being armed with a deadly weapon during the commission of the crime of first degree robbery?

The jury retired for further deliberations and subsequently returned an answer, "No", to the above special verdict form. Posttrial motions were denied, and this appeal followed.

Defendant urges the trial court erred in refusing to submit his "to convict" and second degree robbery instructions to the jury. He contends that under the instructions given,[2]

---

[2]The court instructed the jury:

"To convict the defendant, Brian Plakke, of the crime of robbery in the first degree as an accomplice, each of the following elements of the crime must be proved beyond a reasonable doubt:

the jury was permitted to find first degree robbery accomplice liability without finding defendant knew of the weapon's presence during the crime.

■ We review briefly the tenets of accomplice liability, robbery, and burden of proof. An accomplice is liable as a principal when with knowledge that it will promote or facilitate the commission of the crime, he solicits, commands, encourages, or requests such other person to commit it. RCW 9A.08.020(3)(a)(i). It must be established that the accomplice was "ready to assist" in the commission of a crime. *State v. Rotunno*, 95 Wn.2d 931, 631 P.2d 951 (1981). The intent necessary for accomplice liability is

---

"(1) That on or about the 23d day of August, 1979, personal property was unlawfully taken from the person or in the presence of another, Mrs. Virginia Collins;

"(2) That the taking was against Mrs. Collins' will by the use or threatened use of immediate force, violence or fear of injury to her or another;

"(3) That the force or fear was used to obtain possession of the property or to prevent or overcome resistance to the taking;

"(4) That the property was taken with the intent to commit theft of it;

"(5) That in the commission of these acts, or in immediate flight therefrom, the person taking the property was armed with a deadly weapon or displayed what appeared to be a deadly weapon;

"(6) That the defendant acted as an accomplice to the crime; and

"(7) That the acts occurred in Kitsap County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty."

—And—

"A person who is an accomplice in the commission of a crime is guilty of that crime.

"A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of that crime, he or she either:

"(1) solicits, commands, encourages, or requests another person to commit that crime, or

"(2) aids or agrees to aid another person in planning or committing the crime.

"The word 'aid' means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and is ready to assist is aiding in the commission of the crime."

Defendant's "to convict" instruction was similar to the court's but paragraph (6) stated: "That the defendant knowingly acted as an accomplice to the crime *to each* of the above acts." (Italics ours.)

"guilty knowledge" that the defendant is promoting or facilitating the commission of a crime. *State v. McKeown,* 23 Wn. App. 582, 593, 596 P.2d 1100 (1979).

Our statutory scheme differentiates the degrees of robbery and their concomitant range of punishment on the basis of: (1) use or presence of a firearm or deadly weapon (or what appears to be), and (2) infliction of grievous bodily harm. RCW 9A.56.190–.210. We are concerned only with the former element. Thus, culpability on the part of a principal turns on the risk, or apparent risk, of harm he creates when he

> unlawfully takes personal property from the person of another . . . by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone.

RCW 9A.56.190.

■ Finally, we note that, to find a defendant guilty, the State must prove every element of the crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976).

■ We conclude that the statutory scheme and constitutional precepts impose criminal liability commensurate with the actor's mental culpability or mens rea. To impose principal liability, the accomplice must "share" in his principal's guilty knowledge. *See State v. McKeown, supra* at 591–93 and cases cited therein. Accordingly, when the evidence permits a finding that an alleged accomplice to first degree robbery is unaware of the presence of a weapon or what appears to be a weapon, the alleged accomplice is entitled to an instruction on second degree robbery.

Our ruling is in accord with the rule adopted by the Ninth and First Circuits, *i.e.,* the prosecution bears the burden to prove a defendant's knowledge of the weapon's presence before he can be subjected to accomplice liability for armed (aggravated) robbery. *United States v. Short,* 493 F.2d 1170 (9th Cir. 1974); *United States v. Sanborn,* 563 F.2d 488 (1st Cir. 1977). *Accord, Commonwealth v.*

*Ferguson,* 365 Mass. 1, 309 N.E.2d 182 (1974). *But see Commonwealth v. Yeager,* 599 S.W.2d 458 (Ky. 1980); *State v. Coats,* 301 N.C. 216, 270 S.E.2d 422 (1980). Generally, an accomplice should be held liable only for the degree or grade of crime which is consistent with his own mental culpability. *See* 1 C. Torcia, *Wharton on Criminal Law* § 35, at 180 (1978).

■■■ Defendant requests as relief a new trial on the information as charged with directions to instruct additionally on second degree robbery. An appellate court's choice of remedies is not limited by a defendant's requests. *Burks v. United States,* 437 U.S. 1, 17–18, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978). Further, in fashioning a remedy, we are subject to the restrictions of the double jeopardy clause. U.S. Const. amend. 5; Const. art. 1, § 9. Constitutional protections prohibit a second prosecution for the same offense after acquittal. *North Carolina v. Pearce,* 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969).

In this case the jury returned a verdict of complicity to first degree robbery. Second degree robbery is a lesser included offense of first degree robbery because all the elements of the former are necessarily contained in the latter. RCW 9A.56.190–.210. *State v. Wheeler,* 22 Wn. App. 792, 593 P.2d 550 (1979). *See State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973). By returning a verdict of first degree robbery, the jury found that defendant performed those acts which would support a determination of guilt to the lesser included offense of second degree robbery. *Cf. United States v. Cobb,* 558 F.2d 486 (8th Cir. 1977) (construing federal robbery statutes differentiated by use of deadly weapon). On the other hand, the jury's response to the special verdict form indicates that the jury did not believe defendant was aware of his codefendant's possession of the knife during the robbery. Though we would ordinarily accede to defendant's request for new trial, under the unique fact pattern presented, we believe the more appropriate remedy requires resentence for the crime of second degree robbery. Accordingly, we vacate the conviction of

268

first degree robbery and direct the trial court to enter a conviction of second degree robbery. *See Dickenson v. Israel,* 644 F.2d 308 (7th Cir. 1981).

Defendant's first degree robbery conviction is vacated, and the cause remanded for proceedings in accordance with this opinion.

PETRICH, A.C.J., and PEARSON, J., concur.