[No. 5784-1-II.   Division Two.   August 9, 1983.]

THE STATE OF WASHINGTON, *Appellant,* v. MICHAEL C. DAVIS, *Respondent.*

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for appellant.

*George Kelley,* for respondent.

PETRICH, C.J.—The State appeals the granting of a new trial to defendant, who was charged with accomplice liability for first degree robbery. At issue is whether a general verdict finding defendant guilty of first degree robbery is inconsistent and irreconcilable with a special verdict finding he was not armed with a deadly weapon. We hold the verdicts are not inconsistent and reverse.

On December 30, 1980, Herbert Wallace pointed a gun at a pharmacy clerk in Tacoma and demanded money. At the same time, defendant was seen standing near the glass doors of the store about 12 feet away from the clerk and the cash register. He was observed looking to the left and right, back and forth out of the windows of the store. Witnesses also observed defendant and Wallace running out of the store together in a northerly direction. At trial, defendant testified he did not know Wallace was going to rob the store or that Wallace was armed. No witness ever observed defendant with a gun.

The jury was instructed it should find the defendant

guilty of robbery in the first degree if it found that he or an accomplice committed the elements thereof. Instruction 8 defined an accomplice, and instruction 9 set forth the accomplice theory as follows:

You are instructed that when one or more persons act as accomplices and co–defendants in a case where use of a firearm is alleged, all of them may be deemed armed, even though only one of the defendants in fact had a gun. This does not modify the requirement that the guilt of each defendant must be determined separately.

The jury was also given a special verdict form to use only if it found defendant guilty. It was to answer the question, "Was the defendant, Michael Curtis Davis, armed with a deadly weapon at the time of the commission of Robbery in the First Degree?" In connection with this special verdict, the jury was instructed:

In this case, the state has alleged that the defendant, (or an accomplice) was armed with a deadly weapon at the time of the commission of the crime of Robbery in the First Degree.

. . .

In order to find that the defendant was armed, you must find beyond a reasonable doubt that the object in question was in fact a deadly weapon and not merely an object appearing to be a deadly weapon.

When the jury returned the special verdict that defendant was not armed with a deadly weapon, defendant moved for a new trial on the ground the special verdict negated a necessary element of the State's case of first degree robbery, *i.e.,* that defendant or an accomplice was armed. The trial court agreed and granted a new trial on the basis that the two verdicts were inconsistent and irreconcilable. We disagree.

█ Where the general verdict and the special finding can be harmonized by considering the entire record of the case, including the evidence and the instructions, it is the duty of the court to harmonize them. *State v. Kimball,* 14 Wn. App. 951, 546 P.2d 1217 (1976).

Where a special finding is susceptible of two construc-

tions, one of which will support the general verdict and the other of which will not, that construction shall be adopted which will support the general verdict. *State v. Roberts,* 25 Wn. App. 830, 611 P.2d 1297 (1980).

The evidence showed that Davis, cast as the accomplice in the State's case, did not possess a weapon during the course of the robbery. Rather, the evidence showed that Wallace, the main actor, possessed the gun and committed the actual robbery.

The jury may have decided that Davis was a lookout for Wallace and thus, the two men acted together to rob the pharmacy. Because the "to convict" instruction properly directed the jury to find Davis guilty of first degree robbery if *defendant or an accomplice* committed the elements of the crime, the jury could have found Davis guilty because his accomplice, Wallace, committed the actual robbery while armed with a gun.

The special verdict, however, only directed the jury to answer whether *defendant* was armed with a deadly weapon. The jury answered no. The special finding may be interpreted to mean either the jury did not believe defendant was guilty of first degree robbery under the accomplice theory instruction, or it may mean the finding was in accordance with the facts in the case, namely, that defendant did not possess a weapon during the robbery. This latter interpretation follows logically from the instruction given with the special verdict. A special finding as to whether defendant was armed with a deadly weapon adds nothing to the element of the crime and a negative finding of possession, consistent with the evidence, is not inconsistent with the general verdict. *State v. Kimball, supra.* Accordingly, we hold the verdicts are not inconsistent.

The trial court's ruling can be affirmed, however, if the result reached is supported by any legal reason within the pleadings, facts and applicable law. *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972). Since defendant was granted a new trial, there is authority interpreting accomplice liability for first degree robbery in a more restrictive

manner than before. Defendant urges this interpretation as a basis for affirming the trial court.

In particular, defendant contends *State v. Plakke,* 31 Wn. App. 262, 639 P.2d 796 (1982) is controlling.[1] There, we held that for derivative liability for the substantive crime of first degree robbery, the State must prove beyond a reasonable doubt that an accomplice knew his coparticipant was armed. Here, the trial court instructed the jury that when one or more persons act as accomplices, all of them may be deemed armed, even though only one of the defendants in fact had a gun. This instruction allowed the jury to conclude defendant was armed without deciding whether defendant *knew* his coparticipant was armed and, thus, is contrary to *Plakke.*

*Plakke* was approved by Division One in *State v. Van Pilon,* 32 Wn. App. 944, 651 P.2d 234 (1982). Review of *Van Pilon* was denied by the Supreme Court at 99 Wn.2d 1023 (1983). Nevertheless, we decline to affirm the trial court's ruling, for we have reconsidered the implications of *Plakke* and overrule it.

In *State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982), an unarmed participant in a crime was found guilty of first degree robbery. Pursuant to a deadly weapon special verdict instruction which read, "if one of the two participants is armed with a deadly weapon, then both are considered to be so armed," the defendant was found to be armed with a deadly weapon. The Supreme Court struck the deadly weapon finding after concluding that sentence enhancement under the deadly weapon statute, RCW 9.95-.040, requires proof beyond a reasonable doubt that defendant knew his coparticipants were armed. In its analysis, the court noted that the present complicity statute, RCW 9A.08.020, makes an accomplice equally liable for

---

[1]At trial, before *Plakke* was decided but consistent with that ruling, defense counsel argued for an instruction which would have required the State to prove defendant's knowledge that the accomplice was armed in order to find him guilty of the substantive offense of first degree robbery.

the substantive crime, while sentence enhancement must depend on the accomplice's own misconduct. Misconduct for purposes of sentence enhancement is then measured by the extent of the accomplice's knowledge that a coparticipant is armed.

This analysis reveals why we overrule *Plakke*. Accomplice liability for the substantive crime need not require such a high level of misconduct as does sentence enhancement under *McKim*. Indeed, the Supreme Court in *McKim* remanded for sentencing under first degree robbery, without discussion of whether the first degree robbery conviction should stand in the absence of a finding that the defendant knew his coparticipants were armed.

> The legislature has said that anyone who participates in the commission of a crime is guilty of the crime and should be charged as a principal, regardless of the degree or nature of his participation. Whether he holds the gun, holds the victim, keeps a lookout, stands by ready to help the assailant, or aids in some other way, he is a participant. The elements of the crime remain the same.

*State v. Carothers,* 84 Wn.2d 256, 264, 525 P.2d 731 (1974). By overruling *Plakke,* we reaffirm this concept of complicity liability based on RCW 9A.08.020.

We reverse the trial court's order granting defendant a new trial and remand for sentencing under first degree robbery.

PETRIE and REED, JJ., concur.

Reconsideration denied September 1, 1983.

Review granted by Supreme Court December 2, 1983.