[Nos. 13182–6–I; 13183–4–I;   Division One.   August 1, 1984.]
13184–2–I; 13185–1–I.

THE STATE OF WASHINGTON, *Respondent,* v. EFREN
LOPEZ GAMBOA, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. SERJIO
A. ALTAMIRANO, *Appellant.*

410

*Raymond H. Thoenig* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellants.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for respondent.

CORBETT, A.C.J.—Efren L. Gamboa and Serjio Altamirano each appeals his judgment and sentence for first degree felony murder. We affirm.

On August 28, 1982, an armed robbery and burglary took place at a home approximately one–half mile from an Interstate 5 rest stop in rural Snohomish County. The victims subsequently identified Gamboa as the armed assailant and Altamirano as the other participant. The next morning, a fisherman on the north fork of the Skykomish River was shot and killed and his automobile stolen.

A friend of Gamboa testified under grant of immunity that Gamboa and Altamirano had left her and a fourth person at the rest stop on Interstate 5 while they went to obtain money from nearby houses. She testified that Gamboa was then armed with a gun that he had taken from a

parked car. The men later returned with money, food, and jewelry. The four of them then drove to a camping spot in the woods along the north fork of the Skykomish River, where they spent the night. The next morning their car would not start. Ultimately, the defendants left the other two persons behind while they investigated a car that was heard nearby. About 15 minutes later, a gunshot was heard and about 20 minutes thereafter the defendants returned and took the other two persons back to a station wagon. All four were arrested in northern California after a high speed chase. They were riding in the car that had been taken from the murder victim and had some of his personal property in their possession. Defendants were convicted of first degree robbery, first degree burglary, unlawful imprisonment, first degree murder and second degree theft.

Defendants assign error to the jury instructions setting out the elements of first degree felony murder and the statutory defense to that crime.[1] They also contend that the trial court erred in refusing to give their proposed instruction, which included the absence of the statutory defense as an element of first degree felony murder. Defendants argue that the instructions as given unconstitutionally shifted to them the burden of disproving elements of the offense.

Due process requires that the State prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *Mullaney v. Wilbur,* 421 U.S. 684, 685, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Roberts,* 88 Wn.2d 337, 340, 562 P.2d 1259 (1977). In order to determine which facts the prosecutor must prove beyond a reasonable doubt, each element of the particular crime must be analyzed. *State v. McCullum,* 98 Wn.2d 484, 489,

---

[1]Defendants also challenge the constitutionality of the statutory defense to second degree murder. The statutory defense to second degree murder, RCW 9A.32.050(1)(b), is identical to the statutory defense to first degree murder, RCW 9A.32.030(1)(c), and our constitutional analysis necessarily applies to both.

656 P.2d 1064 (1983). In this case, the predicate felony for the charge of first degree murder was second degree robbery. The jury was given the following instruction:

To convict the defendant of the crime of murder in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 29th day of August, 1982, [the victim] was killed;

(2) That the defendant was committing robbery in the second degree;

(3) That the defendant or another participant caused the death of [the victim] in the course of and in furtherance of such crime or in immediate flight from such crime;

(4) That [the victim] was not a participant in the crime, and;

(5) That the acts which caused the death of the decedent occurred in Snohomish County, [W]ashington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

The jury was instructed that it need not determine which defendant was a principal and which an accomplice. No error is assigned to this instruction. The jury was also instructed on the statutory defense to first degree felony murder, RCW 9A.32.030(1)(c):

It is a defense to a charge of murder in the first degree based upon committing robbery in the second degree that the defendant:

(1) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and

(2) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury; and

(3) Had no reasonable grounds to believe that any other participant was armed with such a weapon, instrument, article or substance; and

(4) Had no reasonable grounds to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.

This defense must be established by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true.

Instruction 28.

■ Defendants focus on subsection 1 of the statutory defense and assert that it requires an accused to disprove the very fact of his participation in the crime as either a principal or an accomplice, relieving the State of its burden on this issue. We note initially that the defense is framed in the conjunctive. An accused must establish all four subsections by a preponderance of the evidence. The statutory defense, when read as a whole, negates none of the elements the State was required to prove, *i.e.,* that the defendants took personal property from the victim by the use or threatened use of force, in the course of which activity the victim's death was caused. The defense merely permits an accused to disprove his participation in the *homicidal act,* not in the underlying felony, and to establish that he was not armed and was ignorant of his coparticipant's being armed and of the likelihood of death or serious physical injury.

Defendants next contend that accomplice liability requires proof that the accomplice knew of the principal's wrongful purpose. *State v. Hinkley,* 52 Wn.2d 415, 418, 325 P.2d 889 (1958). Thus, they argue, the State had the burden of proving that one defendant assisted the other in committing second degree robbery, knowing or having reason to know that the other was armed with a weapon readily capable of causing death or serious physical injury. Under the defendants' theory, the statutory defense impermissibly shifted to them the burden of disproving knowledge of the weapon, an "element" of the crime.

■ Defendants' analysis of accomplice liability is in error. The elements of an offense remain the same whether

the accused is charged as a principal or an accomplice. *State v. Bockman,* 37 Wn. App. 474, 495, 682 P.2d 925 (1984), and conviction of first degree felony murder based upon second degree robbery does not require proof that a participant in the robbery knew that his coparticipant was armed.[2] *See State v. Davis,* 101 Wn.2d 654, 658–59, 682 P.2d 883 (1984). With respect to a substantive crime, "the law has long recognized that an accomplice, having agreed to participate in a criminal act, runs the risk of having the primary actor exceed the scope of the preplanned illegality." *Davis,* at 658; *see State v. Brown,* 36 Wn. App. 549, 556, 676 P.2d 525 (1984). Since absence of knowledge that the coparticipant in the robbery was armed is not an element of the offense charged, RCW 9A.32.030(1)(c) does not unconstitutionally shift to the defendants the burden of disproving an element of the offense. *See State v. Peyton,* 29 Wn. App. 701, 719, 630 P.2d 1362 (1981). Rather, lack of knowledge that an accomplice is armed is a "separate issue" upon which a defendant may be required to carry the burden of persuasion by a preponderance of the evidence without violating the due process clause. *See Patterson v. New York,* 432 U.S. 197, 206–07, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

Defendants' related argument asserts that RCW 9A.32-.030(1)(c) permits unconstitutional mandatory presumptions in violation of *Sandstrom v. Montana,* 442 U.S. 510, 524, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979). Defendants contend that under the instructions given, the jury would necessarily make certain inferences unless the defendants rebutted them by a preponderance of the evidence; and

---

[2]The jury in the instant case was asked to make special firearm and/or deadly weapon findings, and was instructed that it had to find beyond a reasonable doubt either that both defendants were armed or that one defendant, even if not armed, knew that his accomplice was armed. The jury returned a special verdict with respect to each defendant, finding each to have been armed with a deadly weapon which was a firearm at the time of commission of first degree murder. The special verdict, read in light of the instruction, establishes that the jury did in fact find that each defendant was either personally armed or knew that the other was armed.

these inferences would in turn establish elements of the crime charged. Specifically, the defendants contend that the jury was required to infer, from evidence that the two visibly unarmed defendants set out to steal an automobile, that both knowingly participated in a robbery that "risked and resulted in" the death of the victim.

The State was required, under the instructions given, to prove beyond a reasonable doubt that the defendants took personal property from the victim against his will by the use or threatened use of force, and that one of them caused the death of the victim in the course of or in immediate flight from the crime. Evidence was presented that the defendants returned from the woods and led the two other members of the group back to the victim's car, in which they departed. The victim's body, which was found nearby, showed signs of having been dragged. Items of the victim's personal property were found in the defendants' possession. Circumstantial evidence is no less reliable than direct evidence, *State v. Gosby,* 85 Wn.2d 758, 766, 539 P.2d 680 (1975), and in this case was sufficient to enable a rational trier of fact to have found the essential elements of second degree robbery beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Commission of the second degree robbery was not presumed or implied against the defendants.

Defendants' claim of an impermissible presumption of knowing participation by the accomplice in a robbery that risked the death of the victim also fails, since it assumes that intent to kill or do physical harm is an element of the crime charged. First degree felony murder requires no specific criminal mental state other than that necessary for the predicate crime—second degree robbery. *State v. Frazier,* 99 Wn.2d 180, 192, 661 P.2d 126 (1983). The cases cited by the defendants are distinguishable on this ground. In *Clark v. Louisiana State Penitentiary,* 694 F.2d 75, 76 (5th Cir. 1982), specific intent to kill or do great bodily harm was an element of the felony murder statute under which the defendant was charged, and so the jury

could not be permitted to presume that the homicidal act committed by one coconspirator was intended by the other. Similarly, in *United States v. Greer,* 467 F.2d 1064, 1069 (7th Cir. 1972), *cert. denied,* 410 U.S. 929, 35 L. Ed. 2d 590, 93 S. Ct. 1364 (1973), the court noted that accomplice liability generally requires proof of shared intent, but in a footnote recognized that the intent requirement for accomplice liability is "relaxed" in the felony murder situation. "Aiding in the commission of a felony which results in an unintended death subjects the accomplice to liability for murder." *Greer,* at 1069 n.4. Since proof of intent to kill or do bodily harm is not required to establish first degree felony murder, no impermissible presumption of an element of the crime was created by the instructions given in this case.

The State at all times retained the burden of proving beyond a reasonable doubt the defendants' participation in second degree robbery and the death of a nonparticipant caused in connection with the robbery. Defendants were not asked to disprove, nor the jury to presume, any essential element of the crime charged. There was no error in the instructions given or refused.

Affirmed.

WILLIAMS and SCHOLFIELD, JJ., concur.