95 P.3d 1254 (2004)
In re the Personal Restraint of Kiet Hoang LE.
No. 30101-6-II.
Court of Appeals of Washington, Division 2.
August 10, 2004.
Philip A. Meyers, Attorney at Law, Vancouver, WA, for Respondent.
David Bruce Koch, Attorney at Law, Seattle, WA, for Appellant.
QUINN-BRINTNALL, C.J.
Kiet Hoang Le seeks relief from personal restraint following his 1995 jury convictions for two counts of first degree kidnapping, two counts of first degree robbery, one count of first degree burglary, and one count of *1255 first degree possession of stolen property. Le contends that his due process rights were violated when the jury received instructions that were found erroneous in the Cronin[1] and Roberts[2] cases and that these cases were significant changes in the law exempting him from the one-year limit for filing personal restraint petitions under RCW 10.73.090(1).We disagree and deny Le's petition as untimely.

FACTS
On October 4, 1995, Le and three co-defendants broke into the Vancouver home of Jing Xiu Zhu and Phuong Le. The men held the couple at gunpoint and bound their hands and feet with duct tape. They threatened to kill the couple and took numerous valuable items, including jewelry and money. The defendants left the victims' home in a stolen car and were arrested shortly thereafter. On November 17, 1995, the State charged Le and the three co-defendants with seven crimes, including kidnapping, burglary, robbery, and possession of stolen property. Le appealed, and we affirmed Le's convictions and sentence. See State v. Chuong, 87 Wash.App. 1075, 1997 WL 596597 (Wash.Ct.App. Sept.26, 1997), review granted on a specific issue and remanded to Superior Court, 136 Wash.2d 1007, 966 P.2d 903 (1998). The trial court resentenced Le on October 29, 1998.
Here, Le challenges the trial court's accomplice liability instructions under Cronin and Roberts. Le claims that Roberts and Cronin are a significant change in the law and that, therefore, an exception to the one-year limitation on filing personal restraint petitions applies to his petition.

ANALYSIS
Generally, a defendant may not collaterally attack a conviction more than one year after final judgment. RCW 10.73.090(1). An exception to this one-year time limit is if there has been a "significant change in the law" that is "material" to the conviction. RCW 10.73.100(6).
RCW 10.73.090(1) provides:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
A personal restraint petition is a collateral attack on a judgment. RCW 10.73.090(2). Le's judgment and sentence became final on October 29, 1998. See RCW 10.73.090(3)(b). Accordingly, when Le filed the present petition on February 3, 2003, more than one year had elapsed.
There are, however, several exceptions to the one-year time bar. RCW 10.73.100 states:
The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
(5) The sentence imposed was in excess of the court's jurisdiction; or
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change *1256 in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
Le argues that there has been a significant change in the law that is material to his conviction, the exception in RCW 10.73.100(6) applies in this case, and, thus, this petition is not time barred.
Le relies on In re Personal Restraint of Smith, 117 Wash.App. 846, 73 P.3d 386 (2003), a Division One case that held that Cronin and Roberts constituted a significant change in the law. But Smith reached this conclusion by relying on the dissenting opinion in Cronin. That opinion stated that the " majority today approaches the interpretation of [the accomplice liability statute] and WPIC 10.51 [[3]] as if our former cases on the issue of accomplice liability never existed." Smith, 117 Wash.App. at 856, 73 P.3d 386 (quoting Cronin, 142 Wash.2d at 586-87, 14 P.3d 752 (Talmadge, J., dissenting)). The Cronin dissent further noted that in prior cases, "we have held an accomplice, having knowingly agreed to participate in a criminal act, runs the risk of having a confederate exceed the scope of the initial criminal understanding; the accomplice is, nevertheless, culpable for the reasonably foreseeable consequences of that initial criminal understanding." Smith, 117 Wash.App. at 856, 73 P.3d 386 (quoting Cronin, 142 Wash.2d at 586-87, 14 P.3d 752 (Talmadge, J., dissenting)).
We are bound to follow majority opinions of our Supreme Court. State v. Gore, 101 Wash.2d 481, 486-87, 681 P.2d 227 (1984); State v. Briscoeray, 95 Wash.App. 167, 171, 974 P.2d 912, review denied, 139 Wash.2d 1011, 994 P.2d 848 (1999). In Roberts, the majority stated that it was relying on long-established law, thus not announcing a change in the law, stating:
We adhere to the rule of [State v.] Davis [101 Wash.2d 654, 682 P.2d 883 (1984)] and [State v.] Rice [102 Wash.2d 120, 683 P.2d 199 (1984)]: an accomplice need not have knowledge of each element of the principal's crime in order to be convicted under RCW 9A.08.020. General knowledge of "the crime" is sufficient. Nevertheless, knowledge by the accomplice that the principal intends to commit "a crime" does not impose strict liability for any and all offenses that follow. Such an interpretation is contrary to the statute's plain language, its legislative history, and supporting case law.
Roberts, 142 Wash.2d at 513, 14 P.3d 713.
We, therefore, respectfully disagree with Smith and hold that, as announced, Roberts is not a significant change in the law. Thus, Le's petition for personal restraint is untimely.
Further, even if this petition were timely, Le is not entitled to relief. The evidence in the record before us establishes that the trial court's defective accomplice liability instruction was harmless.[4] OUR SUPREME COURT haS held thAt a defective accomplice liability instruction is subject to harmless error analysis:
As evidenced by Roberts and Cronin, even in cases where there are multiple crimes charged and multiple defendants as to some charges, the use of an erroneous instruction may be harmless.
....
In order to conduct its [harmless error] analysis, the Neder [v. United States, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)] court set forth the following test for determining whether a constitutional error is harmless: "[W]hether it appears `beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Neder, 527 U.S. at 15 *1257 [119 S.Ct. 1827] (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). When applied to an element omitted from, or misstated in, a jury instruction, the error is harmless if that element is supported by uncontroverted evidence. Neder, 527 U.S. at 18 [119 S.Ct. 1827].
State v. Brown, 147 Wash.2d 330, 340-41, 58 P.3d 889 (2002). Brown found no compelling reason not to follow Neder. 147 Wash.2d at 340, 58 P.3d 889.
Le proffered a duress defense at trial and, on appeal, contended that the trial court erred by failing to instruct the jury on the affirmative defense of duress. Chuong, 1997 WL 596597, at *6. But in his trial testimony, Le admitted that he was never threatened and the gun was never pointed at him.
There is nothing in the record to suggest that Le acted under any personal constraint or that he was threatened by his companions. On the other hand, Le admitted on the stand that it was his idea to steal money from the victims, and that he told police he had directed the other defendants to the scene of the robbery. Le's own testimony casts doubt on his assertion that he did not want to be involved in the robbery.
Chuong, 1997 WL 596597, at *6 (emphasis added).
Le argued that he was an unwilling participant in the crimes and claimed that because the four men did not move their victims (but only bound and gagged them), they were not restrained, and he could not be found guilty of kidnapping. Chuong, 1997 WL 596597 at *5-6. Le's claim at trial was that his knowing participation was unwilling, but there is no evidence to support this claim. And according to his own trial testimony, after suggesting that they rob the couple and directing the other defendants to the couple's home so they could do so, Le did not withdraw.[5] RCW 9A.08.020(5)(b).
The record establishes beyond a reasonable doubt that the trial court's accomplice liability instruction did not contribute to the jury's verdict and any error was harmless. Thus, we deny Le's personal restraint petition.
We concur: MORGAN and HUNT, JJ.
NOTES
[1] State v. Cronin, 142 Wash.2d 568, 14 P.3d 752 (2000).
[2] State v. Roberts, 142 Wash.2d 471, 14 P.3d 713 (2000).
[3] 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (WPIC) (2d ed.1994).
[4] We note that the trial court's kidnapping to-convict instruction required that the jury find the individual defendant committed the crime. See e.g. Petitioner's Supplemental Reply Brief Appendix, Instruction 11 (kidnapping), "That on or about the 5th day of October, 1995, the defendant intentionally abducted Jing Xiu Zhu;" Instruction 22, 24 (possessing stolen property) while other elements instructions included the "defendant or an accomplice" language. Pet. Suppl. Reply Br. Appendix, Instruction 15, 16 (robbery); Instruction 18 (burglary).
[5] A person who withdraws from the criminal enterprise as required by RCW 9A.08.020(5)(b) is not an accomplice. RCW 9A.08.020(5) states:

Unless otherwise provided by this title or by the law defining the crime, a person is not an accomplice in a crime committed by another person if:
....
(b) He terminates his complicity prior to the commission of the crime, and either gives timely warning to the law enforcement authorities or otherwise makes a good faith effort to prevent the commission of the crime.