FILED
COURT OF APPEALS
DIVISION II

2015 MAR 31 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45509-9-II |
| Respondent, | |
| v. | |
| JAYLIN JEROME IRISH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Jaylin Jerome Irish appeals his convictions following guilty pleas for first degree assault and first degree rendering criminal assistance. Irish argues that (1) the information failed to include all the essential elements of first degree rendering criminal assistance and (2) the trial court violated his right to counsel when it denied his trial counsel's motion to withdraw.[1] Holding that the information contained all the essential elements of first degree rendering criminal assistance but that the trial court violated Irish's right to counsel, we vacate Irish's sentence, remand to allow him to move to withdraw his guilty plea, and order the trial court to appoint Irish new counsel.

---

[1] Irish also argues that he pled guilty involuntarily. Because we vacate Irish's sentence and order the trial court to appoint Irish new counsel, giving him the opportunity to move to withdraw the plea, we do not consider this argument.

FACTS

I. THE STATE'S CHARGING DOCUMENT AND IRISH'S GUILTY PLEAS

The State charged Irish with three counts of first degree assault and one count of drive-by shooting, all while acting as an accomplice. The State later amended its information to add one count of first degree rendering criminal assistance. In his statement of defendant on plea of guilty, Irish explained why he was guilty of these charges:

> On March 24, 2012, in the City of Tacoma, I drove my car, a white Honda Accord with license plate 368XKL to the area of South 45th Street bordered by South Lawrence Street and South Alder Street[.] I went there because I heard there was going to be a fight in that location. When I arrived I saw several people fighting. I then saw one person pull out a gun and fire one shot towards some of the people he had been fighting with. The shooter got into my car and I drove him north on South Alder Street to get him away from the scene so he could avoid apprehension by law enforcement. As we reached the intersection of South Alder Street and South 43rd Street, the shooter told me to stop and let him out of the car so that he could fire another round at the people he had previously shot at. I agreed and let him out. When I drove off I heard a gunshot.

Clerk's Papers (CP) at 22.

On the day that trial was to begin, the State and Irish reached a plea agreement that reduced Irish's charges to one count of first degree assault and one count of first degree rendering criminal assistance. Both the amended information and the guilty plea statement included the same language for first degree rendering criminal assistance: Irish "did unlawfully and feloniously render criminal assistance to [another], a person who committed or was being sought for First Degree Assault, a Class A felony, by providing such person with .... means of avoiding discovery or apprehension." CP at 12-13.

At the hearing to enter Irish's guilty plea, Irish's trial counsel, Zenon Olbertz, told the trial court that he and Irish discussed the guilty plea, which had been reached after "protracted

2

No. 45509-9-II

discussions and negotiations [with the State]." Verbatim Report of Proceedings (VRP) at 71. During his colloquy with the trial court, Irish answered in the affirmative that he understood the elements of first degree assault and first degree rendering criminal assistance. The trial court accepted Irish's guilty plea and found that Irish made it knowingly, intelligently, and voluntarily.

## II. SENTENCING: TRIAL COURT FINDS NO CONFLICT OF INTEREST

Olbertz opened Irish's sentencing hearing by asking the trial court to appoint Irish new counsel. Olbertz explained that shortly after the entry of Irish's guilty plea, Irish expressed desire to withdraw it because "[Irish] had been pressured into entering the plea." VRP at 84. Irish's request prompted Olbertz to ask the Department of Assigned Counsel (DAC) to assign new counsel for Irish because Olbertz felt he had become a witness to Irish's allegation of pressure. Olbertz understood that DAC had appointed a new attorney but he was unaware whether a notice of substitution had been filed by the time of the sentencing hearing. Olbertz told the trial court that he thought he had a conflict of interest because he would be a witness at any potential hearing or proceeding on Irish's motion to withdraw the plea. The trial court denied Olbertz's request because it did not have anything "firm" to make a conflict finding that would prevent proceeding with sentencing. VRP at 85. The trial court then sentenced Irish. Irish appeals.

## ANALYSIS

### I. INFORMATION CONTAINED ALL ESSENTIAL ELEMENTS OF FIRST DEGREE RENDERING CRIMINAL ASSISTANCE

For the first time on appeal, Irish argues that the State's information failed to give him notice of all the essential elements of first degree rendering criminal assistance. We disagree.

3

No. 45509-9-II

Under the Sixth Amendment to the United States Constitution and article 1, section 22 of the Washington State Constitution, the State's information must contain all the essential elements of each charged crime and allege facts supporting those elements so that the accused may prepare a defense. *State v. Zillyette*, 178 Wn.2d 153, 158-59, 307 P.3d 712 (2013); *State v. Lindsey*, 177 Wn. App. 233, 245, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014). An "essential element" is an element that is necessary to establish the illegality of the behavior charged by the State. *Zillyette*, 178 Wn.2d at 158.

We review challenges to the sufficiency of a charging document de novo.[2] *Lindsey*, 177 Wn. App. at 244. But, when reviewing such a challenge for the first time on appeal, we will liberally construe the information in favor of its validity. *Zillyette*, 178 Wn.2d at 161. We will uphold a charging document if it satisfies the two-prong *Kjorsvik*[3] test: "(1) [D]o the necessary elements appear in any form, or by fair construction, on the face of the document and, if so, (2) can the defendant show he or she was actually prejudiced by the unartful language." *Zillyette*, 178 Wn.2d at 162. The State's information contains all the necessary elements and Irish cannot demonstrate actual prejudice.

A. Necessary Elements of First Degree Rendering Criminal Assistance

Irish argues that the State's information was insufficient because it alleged that he acted "unlawfully and feloniously," which is insufficient to allege knowledge as required to prove first degree rendering criminal assistance. CP at 12. We disagree.

---

[2] A guilty plea does not waive the defendant's right to appeal the sufficiency of the State's charging document. *State v. Peltier*, 181 Wn.2d 290, 294-95, 332 P.3d 457 (2014).

[3] *State v. Kjorsvik*, 117 Wn.2d 93, 105-106, 812 P.2d 86 (1991).

4

A person renders criminal assistance if,

> with intent to prevent, hinder, or delay the apprehension or prosecution of another person who he or she *knows has committed a crime* . . . or is being sought by law enforcement officials for the commission of a crime . . . he or she [p]rovides such person with . . . means of avoiding discovery or apprehension.

RCW 9A.76.050(3) (emphasis added). To commit first degree rendering criminal assistance, the defendant must provide assistance to a person who has committed a class A felony. RCW 9A.76.070(1).[4] A person can be convicted of rendering criminal assistance only if he or she had knowledge of the principal's crime, but need not know the facts pertaining to the degree of crime. *State v. Anderson*, 63 Wn. App. 257, 260, 818 P.2d 40 (1991).

We determine whether the defendant satisfies the first prong of the *Kjorsvik* test by reading the information in a commonsense manner. *Zillyette*, 178 Wn.2d at 162. The information need not use the exact words of the applicable statute as long as it uses words that convey the same meaning. *Kjorsvik*, 117 Wn.2d at 108. We have held that the phrase "'unlawfully and feloniously'" is equivalent to the term "'knowingly.'" *State v. Snapp*, 119 Wn. App. 614, 621, 82 P.3d 252 (2004) (quoting *State v. Krajeski*, 104 Wn. App. 377, 386, 16 P.3d 69 (2001)). The State may thus use the phrase "'unlawfully and feloniously'" to allege knowledge as a necessary element of the charged crime. *Krajeski*, 104 Wn. App. at 386 (quoting *State v. Nieblas-Duarte*, 55 Wn. App. 376, 380, 777 P.2d 583 (1989)).

---

[4] RCW 9A.76.070(1) provides:
A person is guilty of rendering criminal assistance in the first degree if he or she renders criminal assistance to a person who has committed or is being sought for murder in the first degree or any class A felony or equivalent juvenile offense.

No. 45509-9-II

The State's amended information charged Irish with first degree rendering criminal assistance, alleging

> [t]hat [Irish] . . . did unlawfully and feloniously render criminal assistance to [Irish's co-defendant], a person who committed or was being sought for First Degree Assault, a Class A felony, by providing such person with . . .means of avoiding discovery or apprehension, contrary to RCW 9A.76.050(3) and 9A.76.070(2)(a).

CP at 12-13. The information describes the actions Irish took to render criminal assistance and that his co-defendant was being sought for first degree assault, a class A felony. The information alleges that Irish did so "unlawfully and feloniously." CP at 12. The State's allegation that Irish acted "unlawfully and feloniously" is equivalent to alleging that Irish acted with knowledge. *Krajeski*, 104 Wn. App. at 386. Viewed in context and construed liberally, the State's information sufficiently alleged the knowledge element of rendering criminal assistance.

### B. Actual Prejudice

Even if all necessary elements of the charged crime appear in the information, it may still be constitutionally insufficient under the second prong of the *Kjorsvik* test if the defendant was actually prejudiced by the "unartful language." *Zillyette*, 178 Wn.2d at 162. Irish argues that we must presume prejudice when the information does not contain all the necessary elements of the charged crime. Irish cannot prove that he was prejudiced.

Irish's statements demonstrate that he understood the elements of first degree rendering criminal assistance. Irish answered in the affirmative when the trial court asked him whether he understood the charges against him. In his guilty plea statement, Irish explained why he was guilty:

> I then saw one person pull out a gun and fire one shot towards some of the people he had been fighting with. The shooter got into my car and I drove him north on South Alder Street *to get him away from the scene* so he could avoid apprehension by law enforcement.

6

CP at 22 (emphasis added). Irish understood that his co-defendant had fired shots toward people and then drove his co-defendant away from the scene to avoid apprehension. Irish cannot be prejudiced by the language in the information when his own words show that he understood what the shooter had done and what his own role had been. Further, Irish told the trial court that he understood the elements of the crimes to which he pled guilty. Irish cannot demonstrate actual prejudice.

## II. OLBERTZ COULD NOT REPRESENT IRISH WHEN HE HAD A CONFLICT OF INTEREST

Irish argues that the trial court violated his right to counsel when it denied Olbertz's motion to withdraw due to a conflict of interest between himself and Olbertz because Irish alleged that Olbertz pressured him to plead guilty. We agree.

The Sixth Amendment guarantees the right to effective assistance of counsel. U.S. CONST. amend. VI; *In re Pers. Restraint of Gomez*, 180 Wn.2d 337, 348, 325 P.3d 142 (2014). This right includes the right to conflict-free counsel at all critical stages of prosecution. *State v. Robinson*, 153 Wn.2d 689, 694, 107 P.3d 90 (2005).[5] We review de novo whether a conflict of interest precludes continued representation. *State v. Pierce*, 169 Wn. App. 533, 559, 280 P.3d 1158 (2012); *Gomez*, 180 Wn.2d at 347.

---

[5] A conflict of interest exists where a defendant's interests are adverse to his or her attorney's interests. *State v. Fualaau*, 155 Wn. App. 347, 362, 228 P.3d 771 (2010), *cert. denied*, 131 S. Ct. 1786 (2011).

The trial court has a duty to investigate potential conflicts of interest when it knows or reasonably should know that a potential conflict of interest exists between counsel and his or her client. *State v. Regan*, 143 Wn. App. 419, 425-26, 177 P.3d 783 (2008). When a defendant or an attorney alerts the trial court to a conflict of interest, the trial court must appoint substitute counsel or take "adequate steps" to determine whether the risk of a conflict of interest is too remote to require substitute counsel. *Holloway v. Arkansas*, 435 U.S. 475, 484, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978). On appeal, a defendant must demonstrate that an actual conflict of interest adversely affected trial counsel's performance. *State v. Dhaliwal*, 150 Wn.2d 559, 570, 79 P.3d 432 (2003).

The trial court violated Irish's right to counsel. Olbertz alerted the trial court that he had a conflict of interest with Irish because he had been a witness to Irish's allegation that counsel pressured him to plead guilty. This was an actual conflict of interest and not theoretical; after Irish told Olbertz that he wanted to withdraw his guilty plea because of that pressure, Olbertz could not have filed a motion to withdraw the guilty plea because of the conflict of interest. *Regan*, 143 Wn. App. at 428. This caused a lapse in representation and affected Olbertz's ability to advocate on Irish's behalf. *Regan*, 143 Wn. App. at 428. Further, the trial court could not have gathered more information to make a conflict finding because Olbertz's conflict prevented him from giving the trial court a more complete explanation. By denying Olbertz's motion to withdraw, the trial court required Olbertz to continue to represent Irish at the sentencing hearing despite a demonstrated conflict of interest.

We hold that the State's information sufficiently alleged the essential elements of first degree rendering criminal assistance, but that the trial court violated Irish's right to counsel by denying his trial counsel's motion to withdraw. Therefore, we vacate Irish's sentence, remand to

No. 45509-9-II

allow Irish to move to withdraw his guilty plea, and order the trial court to appoint new counsel for Irish.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Worswick, J.

Bjorgen, A.C.J.

9